```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


United States of America,      )
                               )
     Plaintiff,                )
                               )
                               )
     v.                        )   No. 18 C 8346
                               )
Nedjo Milosevic                )
                               )
     Defendant                 )
```

ORDER

On March 31, 2022, I denied the government's motion for summary judgment of its claims seeking to denaturalize Nedjo Milosevic under 8 U.S.C. § 1451(a) on the grounds that he fraudulently procured admission as a permanent resident by misrepresenting his place of residence and by concealing his military service during the Bosnian Civil War; never met the statutory definition of "refugee"; and obtained United States citizenship by concealing and willfully misrepresenting facts that were material to his eligibility for naturalization. *See United States v. Milosevic*, No. 18 C 8346, 2022 WL 971878 (N.D. Ill. Mar. 31, 2022). As I explained in my memorandum decision, each of the claims on which the government sought summary judgment ultimately relied on proof that Milosevic committed fraud in procuring admission to the United States. *Id*. at *4. Accordingly, the

government could prevail at summary judgment only if the undisputed record established four elements by clear and convincing evidence: (1) that Milosevic misrepresented a fact, (2) that he did so willfully, (3) that the misrepresentation was material, and (4) that Milosevic procured an immigration benefit as a result. *See Asentic v. Sessions*, 873 F.3d 974, 980 (7th Cir. 2017); 8 U.S.C. § 1182(a)(6)(C)(i). Milosevic conceded the first element, and I concluded that the government satisfied its summary judgment burden with respect to the third based on undisputed evidence that Milosevic's misrepresentations and omissions had "a natural tendency to influence" the naturalization decision. *Milosevic*, 2022 WL 971878 at *5 (quoting *Kungys v. United States*, 485 U.S. 759, 772 (1988)). But I held that Milosevic's account of the facts, if viewed in the light most favorable to him, entitled him to a trial on the second and fourth elements, i.e., whether his misrepresentations were willful and whether he procured naturalization as a result. *See id.* at *5-*6.

The government has filed a motion styled to "amend" my summary judgment decision, arguing that my analysis—in particular, my discussion of *Maslenjak v. United States*, 137 S. Ct. 1918 (2017)—suggests that I evaluated the procurement element using an erroneous standard (though it concedes that this putative error did not alter my ultimate conclusion that summary judgment was unwarranted). By the government's lights, my discussion of

2

*Maslenjak* suggests that the government must prove that Milosevic is *actually ineligible* for citizenship to prevail on its denaturalization claims. But it is *Kungys*, the government insists, that controls the analysis, and *Kungys* requires the government to establish only a "fair inference" of ineligibility to strip Milosevic of his citizenship. *See* Mot., ECF 100 at 2-3, 5-6. In the government's view, *Maslenjak* is inapplicable because the Court there considered a criminal statute prohibiting the use of false statements to procure naturalization or citizenship, whereas here I must apply the civil denaturalization statute. But nothing in the government's argument compels amendment of my summary judgment decision.

To begin, the government misreads my opinion. I did not construe *Maslenjak* to require the government to prove definitively that Milosevic is ineligible for naturalization. Rather, I explained that "when the Government relies on an 'investigation-based theory' to prove a causal connection between an applicant's false statement during naturalization proceedings and the acquisition of citizenship...[it] 'must make a two-part showing to meet its burden.'" *Id.* at *6 (quoting *Maslenjak*, 137 S. Ct. at 1929). In connection with the second part, I quoted the *Maslenjak* Court's holding that "the Government need not show definitively that its investigation would have unearthed a disqualifying fact," but "need only establish that the investigation 'would predictably

3

have disclosed' some legal disqualification." *Id.* at \*6 (quoting 137 S. Ct. at 1929) (additional citations omitted). This is precisely the *Kungys* standard that the government argues applies. Indeed, the passage I quoted from *Maslenjak* itself relies on *Kungys*. *Id*. And my citation to *United States v. Latchin*, 554 F.3d 709, 714 (7th Cir. 2009), further reinforces my conclusion that the government's ultimate burden derives from *Kungys*. *See id*. ("At the end of the day, then, the government only wins if it shows that the citizen misrepresented a material fact and it is 'fair to infer that the citizen was actually ineligible.'") (quoting *Kungys*, 485 U.S. at 784, (Brennan J., concurring)).

The government's misapprehension of my holding presumably stems from the statement, "because the government has not shown that Milosevic was actually ineligible for naturalization, that issue remains for trial." *Milosevic*, 2022 WL 971878 at \*6 (citing Latchin, 554 F.3d at 714). But my conclusion in this connection merely reflects the summary judgment posture. As the *Maslenjak* Court explained, even when the government satisfies its initial, two-part burden, "the defendant may be able to overcome it. Section 1425(a) is not a tool for denaturalizing people who, the available evidence indicates, were actually qualified for the citizenship they obtained. ... Whatever the Government shows with respect to a thwarted investigation, qualification for citizenship is a complete defense to a prosecution brought under § 1425(a)." 137 S.

4

Ct. at 1930. In other words, the *Maslenjak* Court construed the civil denaturalization statute as establishing a burden-shifting framework. If the government first shows: 1) that facts the defendant concealed or misrepresented would have prompted further investigation into his qualifications for naturalization; and 2) that such further investigation would predictably have yielded disqualifying facts, then the burden shifts to the defendant to prove that notwithstanding those facts, he is nevertheless eligible for naturalization. Because this framework affords Milosevic an opportunity to rebut the government's evidence of his ineligibility, I concluded that summary judgment was inappropriate because a fact finder crediting Milosevic's testimony could conclude that he was actually eligible for naturalization.

At the end of the day, I read *Maslenjak* as consistent with *Kungys* in terms of what the government must show to establish the "procurement" element of its claims at trial. *See Maslenjak*, 137 S. Ct. at 1930 (agreeing with *Kungys* plurality in rejecting a "yet-stricter causal requirement, demanding proof positive that a disqualifying fact would have been found.") (citing *Kungys*, 485 U.S. at 777). Accordingly, I need not linger on the government's argument that *Maslenjak* does not apply because it concerns a criminal statute. I do note, however, as I did in my previous decision, *see* 2022 WL 971878, at *6 n. 5, that both the Supreme

5

Court and the Seventh Circuit have observed the similarity of the relevant inquiry under both statutes.

For the foregoing reasons, the government's motion to amend is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 21, 2022